ABRAHAM YENTES, Appellant, v. PARK CIRCLE ROLLER SKATING RINK, INC., Respondent.— Action to recover damages for personal injuries allegedly caused by defendant's negligence. Upon a trial of the issues, plaintiff had a jury verdict. The Trial Justice, upon a motion of defendant, set aside the verdict and, upon a reserved motion made at the close of the proofs, dismissed the complaint. From the judgment duly entered setting aside the verdict, dismissing the complaint and in favor of the defendant for costs, plaintiff appeals. Judgment reversed on the law and facts and a new trial granted, with costs to appellant to abide the event. Plaintiff, a patron of defendant in the latter's skating rink, fell and sustained injuries while skating. Taking the proofs in the light most favorable to plaintiff, there was evidence from which the jury might have inferred that plaintiff's fall and injury were the proximate result of negligence of defendant's employee in improperly and loosely attaching a skate to plaintiff's left foot. The issues of negligence and contributory negligence were for the jury. The dismissal, therefore, was error. The verdict in plaintiff's favor, however, was against the weight of evidence. Close, P. J., Hagarty, Johnston, Adel and Taylor, JJ., concur.

## (December 29, 1943.)

In the Matter of the Probate of the Will of NUNZIATA BONANNO, Deceased. JOSEPH BONANNO, Appellant-Respondent; ANNA DE CIUCIES et al., Respondents-Appellants.— Motion to dismiss the appeal from a part of an order dated July 20, 1942, in a probate proceeding, which order granted a new trial conditionally, dismissed, without costs. Such motion is now academic. (See *Matter of Bonanno, post*, p. 782, decided herewith.) Present — Close, P. J., Carswell, Johnston, Taylor and Lewis, JJ.

In the Matter of JOSEPH A. ESQUIROL, an Attorney, Respondent.— Motion to confirm the report of an Official Referee in a disciplinary proceeding. The proof before the Official Referee sustained the findings that the respondent had been guilty of professional misconduct. (Judiciary Law, § 88, subd. 2.) The court confirms the report of the Official Referee except as to the discipline to be imposed. As no client suffered the loss of any money or property interest as a consequence of respondent's conduct, and as some of the respondent's acts, insofar as they were unethical, were the result of improper complacency and custom rather than of inherently willful or vicious conduct, under all the circumstances the imposition of a limited suspension from practice, rather than disbarment, fully serves the interests of justice. The respondent is suspended from the practice of the law for a period of five years from the date of the entry of the order hereon. Hagarty, Carswell, Johnston and Taylor, JJ., concur; Close, P. J., not voting.

In the Matter of MORTIMER J. REDMOND, an Attorney, Respondent. BROOKLYN BAR ASSOCIATION, Petitioner.— From the petition and answer it is apparent (1) that there was no violation by the respondent of any provision of section 88 of the Judiciary Law; (2) that the liability incurred by the respondent to each of his two clients mentioned in the pleadings was civil only and has been adjusted by agreement between him and them. No basis for disciplinary action exists. Proceeding dismissed. Present — Close, P. J., Hagarty, Adel, Taylor and Lewis, JJ.